UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLENE ARMETTA,<br><br>    Plaintiff,<br><br>v.<br><br>LEARNING CARE GROUP, INC.,<br><br>    Defendant. | Case No.: 3:13-cv-1464 (VLB)<br><br><br><br><br><br>DECEMBER 6, 2013 |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

**Date Complaint Filed:**           September 10, 2013

**Date Complaint Served:**          September 10, 2013

**Date of Defendant's Appearance:** October 2, 2013

**Date First Amended Complaint Filed:** November 8, 2013

      Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held via telephone on November 15, 2013.  The participants were:

On behalf of the Plaintiff Carlene Armetta:

> Christopher Geotes, Esq.
> Pastore & Dailey LLC
> 4 High Ridge Park, Third Floor
> Stamford, CT  06905
> Telephone:  (203) 658-8454
> Facsimile:  (203) 348-0852
> Email:  cgeotes@psdlaw.net
> \* \* \* \*
> Michele Martin, Esq.
> Pastore & Dailey LLC
> 8763 SW 27th Lane, Suite 101
> Gainesville, FL 32608

>Telephone:  (352) 672-6763
>Facsimile:   (352) 672-6973
>Email:  mmartin@psdlaw.net

**On behalf of the Defendant Learning Care Group, Inc.:**

>Jyotin Hamid, Esq.
>Tricia B. Sherno, Esq.
>Debevoise & Plimpton LLC
>919 Third Avenue
>New York, NY 10022
>Telephone:  (212) 909-1031
>Facsimile:   (212) 909-6836
>Email: jhamid@debevoise.com
>Email: tbsherno@debevoise.com

**I.     Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and the basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction**

  **A.    Subject Matter Jurisdiction**

  Jurisdiction is proper within the District Court for the State of Connecticut because the parties are fully diverse, and the amount in controversy exceeds $75,000.00

  **B.    Personal Jurisdiction**

  Personal Jurisdiction is not contested.

### III. Brief Description of Case

This case arises from the termination of Plaintiff's at-will employment by Defendant, and other actions taken by Defendant subsequent to Plaintiff's termination. Plaintiff alleges that Defendant wrongfully terminated Plaintiff's employment, defamed her reputation, breached her employment contract by terminating her employment and withholding her bonus payment, and that Defendant was unjustly enriched by withholding compensation duly earned by Plaintiff. Defendant's position is that Plaintiff's at-will employment was terminated because Plaintiff violated Defendant's conflict of interest policy and the termination did not violate public policy. Defendant further argues that Plaintiff was not defamed or disparaged, Defendant did not breach a contract, Defendant's actions were not in violation of the Connecticut Unfair Trade Practices Act, and Defendant was not unjustly enriched.

### A. Claims of Plaintiff

Plaintiff has asserted claims for (1) Defamation, (2) Breach of Contract, (3) Wrongful Termination, (4) Violations of the Connecticut Unfair Trade Practices Act, (5) Unjust Enrichment, and (5) Quantum Meruit.

### B. Defenses and Claims of Defendant

At the time of filing of this Rule 26(f) Report, Defendant has not set forth any counterclaims or defenses. Defendant filed a Motion to Dismiss the First Amended Complaint on November 22, 2013 pursuant to Fed. R. Civ. P. 12(b)(6) arguing that

3

> **Plaintiff's First Amended Complaint should be dismissed in its entirety because Plaintiff has failed to state her claims.**

IV.    **Statement of Undisputed Facts**

Counsels certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. While the parties have not yet been able to agree on which if any facts may be undisputed, the parties have agreed to revisit these determinations on a continual basis.

V.    **Case Management Plan**

    A.    **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below:

    1.    The close of fact discovery to occur on June 10, 2014, nine (9) months after filing of the complaint.

    2.    The deadline for the parties' motions for summary judgment on August, 10, 2014, sixty (60) days after the close of discovery.

    B.    **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    **Early Settlement Conference**

    1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking any significant discovery or motion practice.

  2. The parties request an early settlement conference.

  3. The parties prefer a settlement conference with the presiding judge or a magistrate judge.

  4. Parties do not request a referral for alternative dispute resolutions pursuant to D. Conn. L. Civ. R. 16.

 D. <u>Joinder of Parties and Amendment of Pleadings</u>

  1. At this time, neither Plaintiff nor Defendant intends to join any other parties to this case. Further, the Plaintiff has filed an Amended Complaint, to which the Defendant has filed a Motion to Dismiss the Amended Complaint.

 E. <u>Discovery</u>

  1. The parties anticipate that discovery will be needed on the following subjects:

   a. The business relationship between Learning Care Group ("LCG"), Carlene Armetta, David Armetta, and Aspira Marketing Direct, LLC ("Aspira").

   b. The position and responsibilities of Carlene Armetta as an employee of LCG.

   c. The role of David Armetta and Aspira as vendors for LCG.

   d. The circumstances concerning the termination of Carlene Armetta's employment with LCG.

  2. All discovery, including depositions of expert witnesses

pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately following the entry of this Scheduling Order and completed (not propounded) by June 10, 2014.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the Plaintiff will require a total of approximately six (6) depositions of fact witnesses and that the defendant will require approximately three (3) to five (5) depositions of fact witnesses. The depositions will commence by January 1, 2014 and will be completed by June 10, 2014.

5. The parties will not request permission to serve more than 25 interrogatories.

6. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2014. Depositions of any experts will be completed by May 1, 2014.

7. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2014. Depositions of any experts will be completed by May 1, 2014.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 1, 2014.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited

to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

F. **Dispositive Motions**

Dispositive motions will be filed on or before August 10, 2014.

G. **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after decisions on dispositive motions are issued by the Court.

VI. **Trial Readiness**

This case will be ready for trial on the date of submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Respectfully submitted on behalf of Plaintiff CARLENE ARMETTA**

**By: */s/Joseph M. Pastore III***
**Joseph M. Pastore III**
**Pastore & Dailey LLC**
**4 High Ridge Park, 3d Floor**
**Stamford, CT  06905**
**Telephone:  (203) 658-8454**
**Facsimile:  (203) 348-0852**
**Email:  jpastore@psdlaw.net**


**Respectfully submitted on behalf of Defendant LEARNING CARE GROUP, INC**

**By: */s/ Jyotin Hamid***
**Jyotin Hamid**
**Tricia B. Sherno**
**Debevoise & Plimpton**
**ADRESS**
**Telephone:**
**Facsimile:**
**Email: jhamid@debevoise.com**
**Email: tbsherno@debevoise.com**

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 6, 2013, a copy of foregoing was filed electronically via operation of the Court's CM/ECF Electronic Filing System.  A Notice of Electronic Filing will be sent by e-mail to all parties appearing in this matter via operation of the Court's CM/ECF Electronic Filing System or by mail to anyone unable to accept electronic filing as indicated on the Notice.  Parties may access this filing through the Court's CM/ECF System.


               */s/ Joseph M. Pastore III*
               **Joseph M. Pastore III**