UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID ARMETTA and ASPIRA MARKETING DIRECT, LLC,<br><br>                              **Plaintiff,**<br><br>      -against-<br><br>LEARNING CARE GROUP, INC.,<br><br>                              **Defendant.** | **3:13-cv-1461 (VLB)** |
| CARLENE ARMETTA,<br><br>                              **Plaintiffs,**<br><br>      -against-<br><br>LEARNING CARE GROUP, INC.,<br><br>                              **Defendant.** | **3:13-cv-1464 (VLB)** |
| LEARNING CARE GROUP, INC.,<br><br>                              **Plaintiff,**<br><br>      -against-<br><br>CARLENE ARMETTA, DAVID ARMETTA, and ASPIRA MARKETING DIRECT, LLC,<br><br>                              **Defendant.** | **3:13-cv-1540 (VLB)** |

## JOINT MOTION TO CONSOLIDATE

In the interest of judicial economy and consistent rulings, the parties, by their attorneys, hereby respectfully request the consolidation of the above-referenced matters, pursuant to Fed. R. Civ. P. 42 and Local Rule 42(a).

## ARGUMENT

Rule 42 (a) of the Federal Rules of Civil Procedure provides:

> **When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidation; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.**

Further, it is well settled that a determination as to the appropriateness of consolidation is within the broad discretion of the trial court. *See Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).  *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) cert. denied, 498 U.S. 920, 112 L. Ed. 2d 250, 11 S. Ct. 297 (1990).  Facts that the trial court may consider in this determination are the following:

> **[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.**

*See BD et al. v. Barbara A. Debuono et al.*, 193 F.R.D. 117; 2000 U.S. Dist. LEXIS 2186, *quoting Hendreix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

2

It is undisputed that there are overlapping and common issues of law and fact between the various above-referenced actions currently pending before this Court. The claims and defenses asserted by the parties in all three actions relate to common issues of law and fact. Thus, the consolidation of the pending actions would be appropriate as to all three actions.

## CONCLUSION

For the reasons stated above, the parties in the above-referenced actions respectfully request that the Carlene Armetta v. Learning Care Group (Dkt. No. 3:13-cv-1464 (VLB)) and Learning Care Group v. Carlene Armetta et al. (Dkt. No. 3:13-cv-1540 (VLB)) actions be consolidated with the David Armetta and Aspira Marketing Direct, LLC v. Learning Care Group (Dkt. No. 3:13-cv-1461 (VLB)) action.

Dated: January 30, 2014
Stamford, Connecticut

Respectfully submitted,

CARLENE ARMETTA, DAVID ARMETTA,
and ASPIRA DIRECT MARKETING, LLC

By  /s /Joseph M. Pastore III

Joseph M. Pastore III (ct11431)
Pastore & Dailey LLC
4 High Ridge Park, 3rd Floor
Stamford, CT 06905
(203) 658-8455
(203) 348-0852 (fax)
E-mail: jpastore@psdlaw.net
Their Attorneys

        **LEARNING CARE GROUP, INC.**

**By:** */s/ Jyotin Hamid*

    **Jyotin Hamid**
    **Tricia B. Sherno**
    **Debevoise & Plimpton LLP**
    **919 Third Avenue**
    **New York, NY 10022**
    **(212) 909-1031**
    **(212) 909-6836 (fax)**
    **Email: jhamid@debevoise.com**
    **Email: tbsherno@debevoise.com**
    **Its Attorneys**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court electronically and served on all counsel of record listed below via the electronic court filing (ECF) system and served by mail on anyone unable to accept electronic filing of emails on this 30th day of January, 2014. Notice of this filing will be sent by email to all parties by generation of the Court's ECF system and by mail on anyone unable to receive email. Parties may access this filing through the Court's CM/ECF system.

By: */s/ Joseph M. Pastore III*
Joseph M. Pastore III